\*\*Original filed 3/1/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANNON L. WHITE, | ) | No. C 06-5194 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL; |
| | ) | DENYING MOTIONS TO |
| vs. | ) | PROCEED IN FORMA |
| | ) | PAUPERIS AS MOOT; NO |
| | ) | FILING FEE IS DUE |
| T. FELKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | (Docket Nos. 2, 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 Napa Superior Court conviction for robbery. Petitioner is currently incarcerated serving a twenty-five years-to-life sentence. The Court concludes that Petitioner's claim is not cognizable under § 2254 and will dismiss the petition. Based upon the dismissal, the Court will DENY Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4) as moot.

**DISCUSSION**

A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

Order of Dismissal; Denying Motions to Proceed in Forma Pauperis as Moot; No Filing Fee Is Due
P:\pro-se\sj.jf\hc.06\White194dis     1

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claim

As grounds for habeas relief, Petitioner alleges that his detention was not supported by probable cause because information regarding the crime was not supported by evidence that he committed, or was involved with, such crime to warrant a police hunch and illegally prolong his detention. Petitioner states that he was ten miles from the location. Petitioner cites to Terry v. Ohio, 392 U.S. 1 (1968) and United States v. Arvizu, 151 L.Ed. 2d 740 [534 U.S. 236] (2002) in support of his claim.

However, this claim is not cognizable because Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933 (1983). All Stone v. Powell requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this Court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. See Caldwell v. Cupp, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims.

1  See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant
2  litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do
3  so under California law).  California state procedure provides an opportunity for full
4  litigation of any Fourth Amendment claim.  The Court concludes that any amendment
5  would be futile, as Petitioner cannot proceed with his Fourth Amendment claim in a
6  federal habeas action. Accordingly, the instant petition is dismissed because Petitioner's
7  claim is not cognizable under § 2254.

## CONCLUSION

9      The instant petition is DISMISSED for failure to state a cognizable claim under
10 § 2254.  Based upon the dismissal, Petitioner's motions to proceed in forma pauperis
11 (docket nos. 2, 4) are DENIED as moot.  No filing fee is due.  The Clerk shall terminate
12 all pending motions and close the file.
13     IT IS SO ORDERED.
14 DATED: 3/1/07

JEREMY FOGEL
United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

Shannon L. White
V-59263
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127-3030